# THOMAS H. O'NEAL

## *v.*

# LEVI D. BOONE.

1. STATUTE OF LIMITATIONS—*claim and color of title.* Under the seven years limitation act of this State, where a party rests his claim to land upon color of title, possession and payment of taxes for seven years, the fact that the opposing claimant's title was recorded, does not interfere with the running of the statute.

2. Neither does the giving of a deed of trust to the premises, the possession still remaining in the grantor, and the taxes still paid by him, which is subsequently released, upon the payment of the debt secured by the deed, stop the running of the statute by severing the color of title from the payment of taxes, the deed of trust being the same in substance as a mortgage, with power of sale, and under the statute the taxes may be paid either by mortgagor or mortgagee, trustee or *cestui que trust.*

3. SAME—*not suspended by plaintiff's voluntarily entering and remaining in the rebel lines.* Where the plaintiff in a suit to recover possession of lands from one holding under color of title and payment of taxes for seven years,

had, after the adverse possession and payment of taxes commenced, voluntarily entered and remained in the rebel lines, no matter with what purpose: *Held*, the running of the statute was not suspended during such voluntary absence.

4. SAME—*recovery in ejectment against the party holding color of title.* A party being in possession of land under color of title, a judgment in ejectment was recovered against him, and he thereupon bought in the title of the plaintiff in the judgment: *Held*, the color of title and possession under it were not disturbed by the mere judgment in ejectment, nor was the running of the statute thereby suspended.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

This was a suit in ejectment, brought by the plaintiff, Thomas O'Neal, for the recovery of certain real estate in the city of Chicago, claimed by the defendant, Levi D. Boone, under color of title and payment of taxes.

Mr. JOHN W. WAUGHOP, for the plaintiff in error.

Messrs. SLEEPER, WHITON & DURHAM, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The defendant in this case was clearly protected by the statute of limitations. He showed possession and payment of taxes for seven years under color of title. The fact that the plaintiff's title was recorded did not interfere with the running of the statute. This has several times been decided by this court. *Chickering* v. *Failes*, 26 Ill. 520; *Cook* v. *Norton*, 43 ib. 394. Neither did the deed of trust from the defendant to Hamlin, which was subsequently released upon payment of the secured debt, stop the running of the statute, by severing the color of title from the payment of taxes. The deed of trust was the same thing in substance as a mortgage

with power of sale, and the possession was still held by defendant and the taxes still paid by him under this title. As has been repeatedly held by this court, the taxes under this statute may be paid either by mortgagor or mortgagee, trustee or *cestui que trust.* *Cofield* v. *Furry,* 19, Ill. 185; *Lyon* v. *Kain,* 47 ib. 200. The question is, under what title were they paid?

It is also objected that the plaintiff was within the rebel lines during the war, from the year 1862 until its termination, and that the operation of the statute of limitations was suspended during that period. The record shows possession and payment of taxes for seven years, without counting the period of the defendant's absence in the rebel States. But apart from that, the plaintiff was a resident and citizen of Maryland at the commencement of the war, at which time the adverse possession and payment of taxes had commenced, and we can never admit that, by voluntarily going within the rebel lines and remaining there, he suspended, as to himself, the operation of our laws enacted for the purpose of protecting the occupants of lands under claim and color of title. It is true, the Supreme Court of the United States has decided, in *Hauger* v. *Abbott,* 6 Wallace 532, that the statute of limitations of the State of Arkansas did not run during the war so as to bar a debt due to a citizen of New Hampshire, and the decision is placed upon the broad ground that the rebel States were belligerents, and that the modern and better doctrine is, that since an enemy creditor cannot sue during the war, the period of his disability shall not be counted against him after the return of peace. But the court say, in giving their opinion, that, in such cases, "neither laches nor fraud can be imputed," and that the ability of the creditor to sue has been suspended "without any fault on his part, but under circumstances which make it his duty to abstain from any such attempt." The court further say, "his remedy is suspended by the acts of the two governments and by the law of nations not applicable at the date of the contract, but which comes

into operation in consequence of an event over which he has no control."

It is obvious that this has no application to the case at bar. In the one case the plaintiff is placed under a disability by events over which he has no control. In the case at bar, the plaintiff has voluntarily placed himself under disability, so far as he was under a disability at all, by withdrawing from his own State, and betaking himself to the territory of the enemy. If he went there to join the public enemy, that would be an extraordinary reason for claiming that the operation of our laws should be suspended in order that he may lose no rights. If he went there on legitimate business, or as a loyal citizen, our courts would never have been closed against his suit. But whatever his motive or his business, his act was purely voluntary, and that consideration disposes of his claim that the statute of limitations ceased to run.

Neither did the recovery of a judgment in ejectment by Loomis affect in any manner the running of the statute. The defendant bought in the title of Loomis, and his own color of title and possession under it were not disturbed by the mere judgment in ejectment.

The bar of the statute must be held complete.

*Judgment affirmed.*